SETH T. SCRIBNER *et al. vs.* JOHN MANSFIELD *et al.*

Cumberland. Decided February 25, 1878.

*Poor debtor. Bond. Evidence.*

The approval of a six months bond in the following terms, "We, the sub- scribers, do approve of the sureties named in the foregoing bond: *Scribner* v. *Blossom*, per E. S. Ridlon, attorney," is a statute approval. *Poor* v. *Knight*, 66 Maine, 482.

In computing the time for the performance of the conditions of a bond given under R. S., c. 113, § 24, the obligors are bound by the date of the bond and the recital of the day of arrest therein.

Parol evidence is inadmissible to show that the bond was in fact executed on a subsequent date.

Form of a valid statute bond and approval. See statement of the case.

ON EXCEPTIONS, from the superior court.

DEBT on bond, tried before Symonds, J., with right of excep- tions.

The bond was of the form following:

"Know all men by these presents, that we, John Mansfield of Portland as principal, and Nehemiah Curtis as surety, are holden and stand firmly bound and obliged unto Seth T. Scribner and William L. Blossom, both of Portland, late copartners in trade under the firm name of Scribner & Blossom, in the sum of one hundred and fifty-four dollars and fifty-four cents, to be paid unto the said Scribner & Blossom, his certain attorney, heirs, execu-

tors, administrators or assigns. To the payment of which sum we do hereby bind ourselves, our heirs, executors and administrators, jointly and severally, in the whole, and for the whole, firmly by these presents.

"Sealed with our seals. Dated at Portland, the first day of July, A. D. 1876.

"The condition of the above written obligation is such, that whereas the said John Mansfield hath been and now is arrested at Portland, in the said county of Cumberland, by virtue of an execution issued against him on a judgment obtained against him by the said Scribner & Blossom, by the consideration of our justice of our superior court, at a term of the said court which was begun and holden at Portland, within and for the county of Cumberland, on the first Tuesday of October, A. D. 1875, for the sum of fifty-nine dollars and sixty-three cents, damage, and costs of court, taxed at twelve dollars and sixty-seven cents, with thirty cents more for two writs of execution, and the officer's fees and charges for said arrest, taxed at one dollar and eighty-seven cents.

"Now if the said John Mansfield shall in six months from the time of executing this bond, cite the said Scribner & Blossom, the creditor, before two justices of the peace and of the quorum, and submit himself for examination agreeably to the one hundred and thirteenth chapter of the revised statutes, and take the oath prescribed in the thirtieth section of said chapter, or pay the debt, interest, cost and fees, arising in said execution, or deliver himself into the custody of the jailer, agreeably to the twenty-fourth section of the chapter above referred to, then this obligation to be void, otherwise to remain in full force. Signed, sealed and delivered in presence of S. D. Hall.

his<br>
John X. Mansfield, [ L. S.]<br>
mark.<br>
Nehemiah Curtis, [ L. S.]

"We, the subscribers, do approve of the sureties named in the foregoing bond.

Scribner & Blossom, creditors, per E. S. Ridlon, their attorney."

Plea, *non est factum*, with a brief statement of no breach ; that the action was premature ; that the bond, though bearing date July 1, 1876, was not in fact executed and delivered until about July 19, 1876, and was not approved according to law.

The plaintiffs introduced the bond, execution, and, against the defendants' objection, the officer's return thereon, dated July 1, 1876, reciting the arrest of Mansfield, and the giving of the bond, and rested.

The defendants offered the testimony of the surety, one of the defendants, as to the time when the bond was signed by him and the principal, which was admitted, *de bene esse*, against the plaintiffs' objection.

This witness testified in substance that, shortly after the 4th of July, 1876, he was requested by constable S. D. Hall to step into his office and sign the bond in suit, which he did without reading the bond or noticing the date ; that he had previously agreed to sign a relief bond for the principal, in an interview had with plaintiffs' attorney a few days previously ; the principal was not present when he, the surety, signed the bond ; that on the 19th day of July, 1876, he was called into the principal's house as he was passing, where he found constable Hall in waiting, for the purpose of obtaining the principal's signature. The bond was not read to the principal to witness' knowledge. Principal signed by making his mark. Witness remarked to constable Hall as it was being signed that it was the 19th of July. No reply was made to witness' recollection. Witness did not see the date of the bond. The principal was not present at the trial, but was to testify as to the time when the bond was signed by him if the evidence should be decided by the justice as material.

The defendants then offered to prove for the purpose of chancering the bond if the action could be maintained at all, that the principal obligor had, when the bond was signed, and at the time of the trial, no property not exempt from attachment and execution ; but the justice ruled that this evidence was inadmissible ; that the bond was a statute bond ; that the time of its execution was not material ; and further that it was not competent to contradict by parol testimony the officer's return, as to date of arrest

and of discharge on giving bond, and thereupon gave his decision for the plaintiffs for the amount of the execution, costs and officer's fees thereon.

The defendants alleged exceptions.

*H. C. Peabody*, for the defendants.

*E. S. Ridlon*, for the plaintiffs.

VIRGIN, J. This is an action of debt on a bond bearing date July 1, 1876, given under the provisions of R. S., c. 113, § 24, to procure the release of the principal from arrest on an execution.

The bond was legally approved. *Poor* v. *Knight*, 66 Maine, 482.

The remaining questions raised by the defendants were all settled long ago in *Titcomb* v. *Keene*, 20 Maine, 381. *Wing* v. *Kennedy*, 21 Maine, 430. See especially *Cushman* v. *Waite*, 21 Maine, 540.

It is contended that the statute, (St. 1835, c. 195, § 9) construed by the cases cited, prescribed the arrest as the time from which the six months began to run, while by the present statute (R. S., c. 113, § 24) the six months commence at the date of release from the arrest. We do not so read the present statute. New provisions have been incorporated into the original section, but they in nowise affect the law in this respect. To be sure, the condition of the bond in suit, instead of following the language of the statute, by providing that the principal shall within six months from the time of his arrest (or imprisonment) cite, etc., provides that " he shall in six months from the time of executing this bond," etc. But the bond in *Cushman* v. *Waite*, *supra*, contained the same language; and it has been sustained too many times before and since the several revisions of the statute to be disturbed now.

*Exceptions overruled.*

APPLETON, C. J., WALTON, BARROWS, PETERS and LIBBEY, JJ., concurred.